BRENNAN, J.
*191 *552 ¶ 1 Theoris Raphel Stewart appeals two judgments of conviction and an order denying his motion for postconviction relief. He seeks to withdraw his guilty plea to two counts of identity theft on the grounds of manifest injustice because he argues that no factual basis exists for his plea.
¶ 2 Stewart had, in a previous case not otherwise relevant to this appeal, pled guilty to two felony counts of failure to pay court-ordered child support and presented forged documents in an attempt to influence his sentence.
¶ 3 The forgeries were discovered after Stewart was sentenced in the child support case, and the State then filed new charges, including the two identity theft charges relevant to this appeal. Stewart did not dispute that he had forged the documents-which appeared to be official documents from two universities and from the United States Department of Veterans Affairs (VA). Nor did he dispute that he had lied to the writer of the presentence investigation report (PSI) about his education and the nature of his military *553 discharge for the purpose of "try[ing] to find a shortcut" to a better outcome in the previous case.
¶ 4 Rather, Stewart argues that his admitted unauthorized use of the forged documents did not constitute a violation of the identity theft statute under which he was charged. See WIS. STAT. § 943.203(2) (2015-16).[1] He argues that not all of the required elements of the crime are satisfied for the following reasons: (1) he did not represent that he was "acting with the authorization or consent of the entity," and (2) the use of the identifying information of the two entities was not for the purpose of "obtain[ing] ... anything ... of value or benefit." See § 943.203(2)(a). Specifically, he argues that there is no evidence that he expressly represented that he had the entities' "authorization or consent," and that "even assuming [the sentencing court] gave some consideration to the misrepresentations at issue, the sentencing court's determination is not 'anything of value or benefit' as intended by the legislature." We reject Stewart's arguments and affirm.
BACKGROUND
¶ 5 The identity theft charges at issue in this appeal were among twenty charges filed in Milwaukee County Circuit Court Case Nos. 2014CF3197 and *554 2014CF5128; all the charges related to the State's ongoing *192 child support enforcement efforts for two of Stewart's children.
Stewart's conviction and sentencing in Case No. 2011CF2608.
¶ 6 In Milwaukee County Circuit Court Case No. 2011CF2608, Stewart was convicted on a negotiated guilty plea of two felony counts of failure to support a child. At the plea hearing, Stewart told the trial court that he had two bachelor's degrees. Before the case proceeded to sentencing, the trial court ordered a PSI. When Stewart met with the PSI writer, he told her that he had two bachelor's degrees and he provided what appeared to be diplomas from the University of Arizona and Jones International University, along with an email that appeared to be from Jones International University referencing Stewart's degree. Stewart also told the agent that following a bad conduct discharge from the United States Air Force he had successfully appealed and received a general discharge; in support of this claim he provided a letter that was purported to be from the VA stating that Stewart's bad conduct discharge was upgraded to a general discharge effective January 1, 2008.
¶ 7 The documents and representations were made part of the PSI and presented to the sentencing court. Stewart received a sentence of eighteen months' probation, and no conditional jail time was imposed.
The investigation into the forged documents.
¶ 8 A later investigation by the district attorney's office revealed that the two diplomas, the email related to Stewart's academic record, and the VA letter *555 were forged. Stewart never received degrees from the universities, and his attempt to appeal and upgrade his bad conduct military discharge was unsuccessful.
The 2014 identity theft charges relevant to this appeal.
¶ 9 Based on the investigation, in July 2014 the State filed a complaint that included the two counts relevant to this appeal.[2] In November 2014 the State also filed a complaint with multiple felony counts for failure to pay court-ordered child support.[3] The two 2014 cases were consolidated and proceeded to a plea hearing together. Pursuant to a plea agreement settling the two cases, Stewart pleaded guilty to eleven counts: the two counts of identity theft that are the focus of this appeal, eight felony counts of failure to support a child, and one misdemeanor count of contempt of court. He was sentenced on April 29, 2016, to a total of six years' initial confinement and seven years' extended supervision.[4]
The postconviction motion.
¶ 10 Stewart moved for postconviction relief seeking to withdraw his guilty plea to the two identity theft convictions. He also alleged that he received *556 ineffective assistance of counsel as to count three and four in 2014CF3197 and count three in 2014CF5128 and sought to withdraw his plea on those counts. He also sought to have the judgments of conviction in the two cases amended to reflect that the past-due child support is ordered under WIS. STAT. § 948.22(7). The existing judgments ordered the past-due amounts as a restitution *193 award, which had the effect of subjecting Stewart to additional surcharges. See WIS. STAT. §§ 973.06(1)(g), 973.20(11)(a). The State responded that Stewart's plea was properly supported by a factual basis and that Stewart did not receive ineffective assistance of counsel. However, the State "agree[d] with" Stewart's motion asking that the court-ordered restitution be converted to a repayment order under § 948.22(7)(b). Specifically, the State noted, "[t]he State agrees with this position and therefore makes no argument regarding that portion of [Stewart's] postconviction motion."[5] *557 ¶ 11 The postconviction court denied Stewart's motion "in toto ." This appeal follows.
DISCUSSION
¶ 12 Stewart argues on appeal that he is entitled to plea withdrawal on the identity theft charges on the grounds of manifest injustice because his plea is not supported by a sufficient factual basis.[6]
¶ 13 "The defendant must establish by clear and convincing evidence that the circuit court should permit the defendant to withdraw the plea to correct a 'manifest injustice.' " State ex rel. Warren v. Schwarz , 219 Wis. 2d 615, 635, 579 N.W.2d 698 (1998) (citation omitted).
¶ 14 "[W]hen a reviewing court applies the manifest injustice test, 'the issue is no longer whether the ... plea should have been accepted,' but rather whether the plea should be withdrawn." State v. Cain , 2012 WI 68, ¶ 30, 342 Wis. 2d 1, 816 N.W.2d 177 (citation omitted). "Therefore, when applying the manifest injustice test, it is our role not to determine whether the circuit court should have accepted the plea in the first instance, but rather to determine whether the defendant should be permitted to withdraw the plea." Id. (footnote and emphasis omitted). "This is so because while the plea may have been invalid at the time it was entered, it may be inappropriate, in light of later events, to allow withdrawal of the plea." Id.
*558 ¶ 15 The question of whether a factual basis exists for Stewart's plea is a question of law reviewed de novo . State v. Peralta , 2011 WI App 81, ¶ 16, 334 Wis. 2d 159, 800 N.W.2d 512. "[W]hen applying the manifest injustice test, 'a reviewing court may look beyond the plea hearing transcript' to the totality of the circumstances." Cain , 342 Wis. 2d 1, ¶ 31, 816 N.W.2d 177 (citation omitted). "The totality of the circumstances includes the plea hearing record, the sentencing hearing record, as well as the defense counsel's statements ... among other portions of the record." Id. (citation omitted). "The reviewing court looks at the entirety of the record to determine whether, considered as a whole, the *194 record supports the assertion that manifest injustice will occur if the plea is not withdrawn." Id.
¶ 16 Two additional principles are relevant to our review.
¶ 17 First, even if there is "an exculpatory inference elsewhere in the record and the defendant later maintains that the exculpatory inference is the correct one[,]" a factual basis for a plea exists "if an inculpatory inference can be drawn from the complaint or facts admitted to by the defendant[.]" State v. Black , 2001 WI 31, ¶ 16, 242 Wis. 2d 126, 624 N.W.2d 363. "This is the essence of what a defendant waives when he or she enters a guilty or no contest plea." Id. In addition, "in the context of a negotiated guilty plea ... a court 'need not go to the same length to determine whether the facts would sustain the charge as it would when there is no negotiated plea.' " Schwarz , 219 Wis. 2d at 645-46, 579 N.W.2d 698 (citation omitted).
*559 ¶ 18 Second, in this case, the factual basis determination requires us to interpret WIS. STAT. § 943.203(2)(a). Statutory interpretation presents a question of law that we review de novo . See Harnischfeger Corp. v. LIRC , 196 Wis. 2d 650, 659, 539 N.W.2d 98 (1995). In interpreting statutes, we primarily focus on the statutory language. See State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id. , ¶ 46. We assume that the statutory language expresses the legislature's intent. See id. , ¶ 44. When it manifests a clear meaning, our inquiry ceases and we will apply that meaning. See Lincoln Sav. Bank, S.A. v. DOR , 215 Wis. 2d 430, 443, 573 N.W.2d 522 (1998). Only when a statute is ambiguous do courts apply rules of statutory construction or look to extrinsic evidence of the legislature's intent. UFE Inc. v. LIRC , 201 Wis. 2d 274, 281, 548 N.W.2d 57 (1996). Rules of statutory construction are inapplicable if the language of the statute has a plain and reasonable meaning on its face. State v. Engler , 80 Wis. 2d 402, 406, 259 N.W.2d 97 (1977).
¶ 19 Here we construe WIS. STAT. § 943.203, which makes it a felony to use a document with an entity's identifying information for the purpose of obtaining "credit, money, goods, services, or anything else of value or benefit[,]" if the use is without the entity's authorization and if the person using it represents that he is acting with that authorization. Id. The relevant definitions are that "entity" means "a person *560 other than an individual," and "identifying information" includes a document with an entity's name. Sec. 943.203(1). The statute provides that if the identifying information is used to "obtain credit, money, goods, services, or anything else of value or benefit[,]" the intentional, unauthorized use is a Class H felony. Sec. 943.203(2). See also WIS JI-CRIMINAL 1459 (stating elements). The statute is one of Wisconsin's two identity theft statutes. While it protects the personal identifying information or documents belonging to an entity , the companion statute protects the personal identifying information or documents belonging to an individual . See WIS. STAT. § 943.201.
I. Stewart represented that he was acting with "authorization or consent" within the meaning of WIS. STAT. § 943.203 when he presented the documents from the VA and the universities as evidence supporting his statements to the court about his education and military discharge status.
¶ 20 WISCONSIN STAT. § 943.203 criminalizes the unauthorized use of an *195 entity's identifying information only where a person "represent[s] that the person is the entity or is acting with the [entity's] authorization or consent." Stewart argues that there is nothing in the record that supports a finding that he represented that he had the authorization or consent of the VA or the universities. He argues that "the fact that [he] presented the documents in question as authentic to the [PSI] writer does not satisfy the requirement that he ... was acting with the express permission of the entity." *561 ¶ 21 Stewart's argument fails because it was clearly his intent for the PSI writer to understand that the diplomas and military discharge letter were authentic. Part of authenticity is an implicit claim that the author of the documents expressly consented to Stewart's presentation of the documents to others. Significantly, Stewart admits they were not authentic , but argues that he cannot be blamed here if the PSI writer believed they were real because he never expressly said they were authentic or that he had authorization to present them. His argument fails for several reasons.
¶ 22 The statute does not require an express verbal representation from the offeror that the document is authorized. Rather, it requires that the user "represent" that the user is "acting with the authorization or consent of the entity." See WIS. STAT. § 943.203(2). Stewart's actions did just that. While Stewart did not say the words, "I have permission to use these diplomas and the VA general discharge letter," he cannot possibly have had actual permission to present them because they were not authentic . Neither the universities nor the VA authored them.
¶ 23 Stewart's actions fit the statutory language: by the act of presenting the documents to show the PSI writer his personal history and character, Stewart was implicitly saying they were real and he had consent to use them. The only reasonable inference for the PSI writer to draw is that Stewart had permission from the universities and the VA to use them. When a university bestows a legitimate degree and diploma, it is ordinarily understood to grant consent to the recipient to use the diploma as evidence of the degree. The same is true of a legitimate official government document, such as the letter regarding *562 Stewart's military discharge status. Stewart availed himself of that expectation, and he cannot now protest that he committed no crime because he made no such explicit verbal representation. Therefore, contrary to Stewart's argument, his presentation of the documents in question as authentic does satisfy the requirement that Stewart was representing that he was acting with the entities' consent.
¶ 24 Finally, to hold that the statute includes a requirement of an express verbal representation about the entity's consent would read too much into the statute, especially in a context where such representations would not be ordinarily necessary or expected.[7] This court is not required "to give a ... statute the narrowest possible construction where to do so would be inconsistent with legislative intent." State v. Lenz , 230 Wis. 2d 529, 538, 602 N.W.2d 173 (Ct. App. 1999). See also State v. Richard Knutson, Inc. , 196 Wis. 2d 86, 97, 537 N.W.2d 420 (Ct. App. 1995) ("The primary goal of statutory construction is to carry out the legislature's intent; the tools of statutory construction, including the rule of lenity, cannot be used in *196 disregard of the purpose of the statute."). Such an interpretation would obstruct rather than carry out the legislature's intent. We conclude that the statute's words "manifest[ ] a clear meaning," and therefore, "our inquiry ceases and we will apply that meaning." See Lincoln Sav. Bank, S.A. , 215 Wis. 2d at 443, 573 N.W.2d 522. *563 II. Stewart used the documents containing the entities' identifying information for the purpose of obtaining something of "value or benefit" within the meaning of WIS. STAT. § 943.203.
¶ 25 Stewart further argues that he is entitled to plea withdrawal on the grounds of manifest injustice because the evidence is insufficient as to the element of using the documents to obtain something of value or benefit. He argues that for the purposes of WIS. STAT. § 943.203(2), the phrase "anything else of value or benefit" must be interpreted "to mean anything of commercial or financial benefit or value." He gives three reasons for adopting this interpretation of the statute.
¶ 26 He points out that in the text of the statute, the phrase in question-"anything else of value or benefit"-follows a list of items that are of commercial or financial benefit: credit, money, goods, and services. He argues that we are therefore required, under the doctrine of ejusdem generis , to interpret the last item to include only things of the same type as those listed. He is not correct. Besides the fact that the words "anything else" represent a legislative word choice and clear meaning that explicitly negates the need to apply doctrines such as ejusdem generis , see Engler , 80 Wis. 2d at 406, 259 N.W.2d 97, the Wisconsin Supreme Court rejected this argument when it interpreted the companion identity theft statute, WIS. STAT. § 943.201 :
The circuit court applied the doctrine of ejusdem generis to limit the application of the identity theft statute to cases in which [an individual's] identity is *564 misappropriated for the purpose of obtaining something having "measurable value and worth in a commercial sense in the market place." Lower bail, in the circuit court's view, did not qualify.
We disagree with the circuit court's restrictive reading of the identity theft statute. There is nothing in WIS. STAT. § 943.201 that explicitly limits its application to identity thefts that are carried out to obtain something that has "commercial value" or "market value." Neither does the statute implicitly contain such a limitation.
State v. Peters , 2003 WI 88, ¶¶ 16-17, 263 Wis. 2d 475, 665 N.W.2d 171. Our supreme court's reasoning applies equally to WIS. STAT. § 943.203(2). We therefore reject the argument that a thing can be of value or benefit for purposes of applying § 943.203(2) only if it has commercial or financial benefit.
¶ 27 In this case, the value or benefit sought was a more favorable sentencing result, and that is analogous to the more favorable bail ruling that our supreme court addressed in Peters . We further note that at his sentencing in this case, Stewart told the court that he lied to the PSI writer and the trial court "to try to find a shortcut[.]" See Cain , 342 Wis. 2d 1, ¶ 31, 816 N.W.2d 177 (citing Thomas , 232 Wis. 2d 714, ¶ 18, 605 N.W.2d 836, for the proposition that a court reviewing a manifest injustice claim may consider the "sentencing hearing record, as well the defense counsel's statements ... among other portions of the record"). The "shortcut" he wanted was a more favorable sentence.
¶ 28 Stewart next argues that the legislature did not intend for the State *197 to prosecute the type of misconduct in this case under WIS. STAT. § 943.203(2) because the legislature has created other statutes *565 under which Stewart's misconduct could be prosecuted. See , e.g. , WIS. STAT. § 785.01 (intentional misconduct directed at the court) and WIS. STAT. § 946.78 (false statement regarding military service). However, it is well established that an act can form the basis for a crime under more than one statutory provision:
[ WISCONSIN STAT. §] 939.65 gives prosecutors broad authority to charge under multiple statutes and provides that "if an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions." ... Thus we conclude that the defendants' conduct forms the basis for two different offenses under two different statutory provisions and that ... § 939.65 permits the State to proceed under both statutory provisions. Section 939.65 is a clear and unequivocal statement of the legislature's intent that multiple charging under different statutory provisions is permitted where an act forms the basis for a crime under more than one statutory provision.
State v. Moffett , 2000 WI 130, ¶ 19, 239 Wis. 2d 629, 619 N.W.2d 918 (footnotes, citations, and one set of internal quotation marks omitted). The fact that the State could have proceeded under a different statutory provision therefore does not alter the analysis.
¶ 29 Finally, he notes, without developing a supporting argument, that when the companion statute, WIS. STAT. § 943.201, was amended in 2003, the legislature added language criminalizing unauthorized use of information "[t]o avoid civil or criminal process or penalty." Sec. 943.201(2)(b). He points out that the legislature did not add such language to WIS. STAT. § 943.203. Stewart does not develop his argument or provide further legislative history related to the *566 amendment. We will not develop an argument for him. We do not develop arguments for parties. See Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82 ("we will not abandon our neutrality to develop arguments" for the parties). But whatever the reasons for that amendment of the companion statute, absent any other indication of the legislature's intent, we decline to read exceptions into § 943.203 on the basis of an addition to § 943.201. See Kalal , 271 Wis. 2d 633, ¶¶ 46-47, 681 N.W.2d 110 (holding that "[a] court is not at liberty to disregard the plain, clear words of the statute" and that the purpose is "the ascertainment of meaning, not a search for ambiguity" (citations omitted) ).
¶ 30 For these reasons, we reject Stewart's arguments that he is entitled to plea withdrawal based on manifest injustice and affirm that part of the postconviction order. But based on the State's stipulation, we reverse the part of the postconviction order (which affirmed the judgments "in toto ") pertaining to the child support. We order that, based on the State's stipulation, on remand the judgments be amended to change Stewart's past-due child support from "restitution" to an order under WIS. STAT. § 948.22(7)(b)1. ("to meet a past legal obligation for support"). We affirm the judgments and order as modified.
By the Court. -Judgments and order modified and, as modified, affirmed.

Wisconsin Stat. § 943.203(2) defines felony identity theft as a crime in which a person, with the purpose of "obtain[ing] credit, money, goods, services, or anything else of value or benefit":
intentionally uses ... any identifying information or identification document of an entity without the authorization or consent of the entity and by representing that the person is the entity or is acting with the authorization or consent of the entity ...[.]
(Emphasis added.) All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Milwaukee County Circuit Court Case No. 2014CF3197.

Milwaukee County Circuit Court Case No. 2014CF5128.

In an order dated June 14, 2016, the trial court commuted the sentence on count eleven (misdemeanor contempt) to eleven months in the House of Correction to run consecutive to count ten. The trial court stated that it did so pursuant to a Department of Corrections letter dated June 10, 2016, and Wis. Stat. § 785.04(2)(a). The order commuting that sentence did not affect the sentences imposed on the identity theft charges and is not at issue here.

The State acknowledges its previous stipulation in its brief to this court and does not address the issue further. Without addressing the stipulation, the postconviction court upheld the two judgments of conviction that incorrectly referred to Stewart's past legal obligations for child support as "restitution." We affirm the order in all respects except insofar as it affirmed judgments with the child support arrears designated as restitution. Based on the State's stipulation, we order that on remand the judgment be amended to convert Stewart's past-due child support from "restitution" to an order "to meet a past legal obligation for support" under Wis. Stat. § 948.22(7)(b)1.Section 948.22(7)(b)1. states that if there is an existing court order requiring the defendant to pay child support, the court shall, "[i]n addition to or instead of imposing a penalty authorized for a Class I felony or a Class A misdemeanor ... order the defendant to pay the amount required including any amount necessary to meet a past legal obligation for support."

Stewart did not appeal the postconviction court's ruling on the claim of ineffective assistance of counsel.

As Stewart points out, "the documents in question-purported copies of college diplomas and a letter from the U.S. Air Force-are not the type of items that require permission from an entity to use or share."