COURT OF APPEALS
DECISION
DATED AND FILED

February 13, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1525**

Cir. Ct. No. **2018CV39**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN EX REL. MICHAEL J. VIETH,

PETITIONER-APPELLANT,

V.

JOHN TATE II,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Monroe County: MARK L. GOODMAN, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Kloppenburg and Nashold, JJ.

¶1     KLOPPENBURG, J.   Michael J. Vieth filed a petition in the circuit court for writ of certiorari, along with a proposed writ, challenging action taken by

Wisconsin Parole Chairperson Daniel J. Gabler.[1]  On the same date of Vieth's filing, the court electronically signed the proposed writ, and the clerk electronically filed the signed writ (referred to in this opinion as the writ).  The court subsequently granted Gabler's motion to quash the writ because Vieth failed timely to personally serve Gabler with the writ.  On appeal, Vieth argues that the court erred for a number of reasons, all related to Gabler's attorney filing a notice of appearance and registering to use the circuit court electronic filing system (referred to as "registering as a user" in this opinion consistent with the applicable statute) after the writ had been filed.  Briefly stated, Vieth argues that, when Gabler's attorney filed the notice of appearance and registered as a user, Gabler consented to accept electronic service of the writ that had been filed, relieving Vieth of the obligation to personally serve Gabler with the writ.  Vieth also argues that the electronic service was timely, thereby triggering Gabler's obligation to comply with the writ.

¶2     We reject Vieth's arguments because he identifies no statutory language providing that a respondent registering as a user relieves a petitioner from complying with personal service requirements for the writ in the circumstances present here.  Given Vieth's concession that, if Gabler's attorney had not registered as a user, the writ was required to be personally served, and Vieth's concession that he never personally served Gabler with the writ, we

---

[1]  More accurately,Vieth filed an amended petition to correct a misspelling in the caption of the original petition.  We follow the parties' lead and refer to the amended petition as the petition.

In the time since Vieth filed this action and appeal, Gabler is no longer the Wisconsin Parole Commission Chairperson.  The caption has been amended to reflect the current Chairperson, John Tate II.

conclude that the circuit court properly determined that Vieth failed to serve Gabler with the writ. We also conclude that the court properly quashed the writ for untimely service, based on Vieth's additional concession that the ninety-day service deadline relied on by the court applies. Accordingly, we affirm.

## BACKGROUND

¶3  The following facts are not disputed on appeal. On February 13, 2018, Vieth, an individual incarcerated in a Wisconsin correctional institution, filed a petition for writ of certiorari challenging action taken by Gabler regarding Vieth's parole. Vieth also filed a proposed writ of certiorari ordering Gabler to return to the court within thirty days after service of the writ upon Gabler the certified record relating to Vieth's parole proceedings.

¶4  Also on February 13, Gabler was personally served with paper copies of Vieth's petition for writ of certiorari and Vieth's proposed, unsigned, order for writ of certiorari. Gabler was also served with a paper copy of an "Electronic Filing Notice" electronically signed by the Monroe County Clerk of Circuit Court, informing Gabler that "[c]ase number 2018CV000039 was electronically filed," that "[p]arties who register as [users] can file, receive and view documents online through the court electronic filing website," and that Gabler may "register as [a user]" by following the instructions in the notice.

¶5  Still on February 13, the circuit court electronically signed the writ ordering Gabler "to certify and return to the court within thirty (30) days after service of this writ upon you a correct transcript of the record and proceedings in the Parole Commission proceedings, together with all papers, documents, and docket entries involved or considered by you in the proceedings."

¶6      Also on February 13, the writ was filed in the circuit court's electronic filing system.

¶7      On February 28, 2018, Gabler's attorney signed and electronically filed a notice of appearance in the case.  The notice stated that the appearance was "subject to and without waiving any objections to jurisdiction or to the Court's competency to proceed."  The notice also requested that "service of all pleadings and other papers" be made upon Gabler's attorney.

¶8      Also on February 28, 2018, after Gabler's attorney electronically filed the notice of appearance, Vieth's attorney received an automatically generated email from the circuit court electronic filing system.  The email notified Vieth's attorney that Gabler's attorney "has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically.  You will no longer need to provide traditional paper documents to this party…. Print and save this page for your records."[2]

¶9      On May 22, 2018, Vieth filed a proposed order to show cause for contempt for Gabler's failure to comply with the writ.  On May 23, 2018, the circuit court ordered Gabler to show cause why he should not be held in contempt based on his failure to provide the certified record.

---

[2] We note that the term "electronic notice party" does not appear in WIS. STAT. §801.18, the statute that governs the electronic filing of documents in circuit court.  *See* § 801.18(2)(a) (2017-18).  However, it appears that the email quoted above is the "notice of activity" referenced in §801.18(6)(a), which provides that "[t]he electronic filing system shall generate a notice of activity to the other users in the case when documents other than initiating documents are filed."

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶10 On May 24, 2018, Gabler filed a motion to quash the writ of certiorari because Vieth had failed to personally serve Gabler with the writ within ninety days as required by WIS. STAT. § 801.02(1). The circuit court granted Gabler's motion because Vieth had failed to personally serve Gabler with the writ within ninety days.

¶11 Vieth appeals.

## DISCUSSION

¶12 The gravamen of Vieth's argument is that he was not required to personally serve Gabler with the writ because Gabler consented to accept electronic service of the writ when Gabler's attorney filed the notice of appearance and registered as a user of the circuit court electronic filing system. We reject this argument because it has no support in the plain language of the statutes, and Vieth concedes that he was required to personally serve Gabler with the writ if Gabler's attorney had not registered as a user. Because we reject Vieth's argument that Gabler was electronically served with the writ, and given Vieth's concession that Gabler was never personally served with the writ, we conclude that the circuit court correctly ruled that Vieth never served Gabler with the writ. Additionally, because Vieth concedes that service was required within ninety days of the filing of the writ, we conclude that the court also correctly quashed the petition for Vieth's failure to timely serve Gabler with the writ.

¶13 We first state the standard of review. We next explain why we conclude that Vieth was still required to personally serve Gabler with the writ even though Gabler's attorney registered as a user of the electronic filing system, and why we reject Vieth's arguments to the contrary. Finally, we explain that, given Vieth's concessions that he never personally served Gabler with the writ and

5

that service was required within ninety days of the writ's filing, the circuit court properly quashed the writ for failure to timely serve.

## I. Standard of Review.

¶14 "A motion to quash a writ of certiorari is akin to a motion to dismiss. Both … test the legal sufficiency of the facts alleged in the complaint. We review such motions de novo." *State ex rel. Myers v. Swenson*, 2004 WI App 224, ¶6, 277 Wis. 2d 749, 691 N.W.2d 357 (internal citations omitted). Vieth's arguments also raise questions of statutory interpretation, which we review de novo. *State v. Stewart*, 2018 WI App 41, ¶18, 383 Wis. 2d 546, 916 N.W.2d 188. We give statutory language its common, ordinary, and accepted meaning. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. We also interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. Where multiple statutes are at issue, we seek to harmonize the statutes "through a reasonable construction that gives effect to all provisions." *State v. Reyes Fuerte*, 2017 WI 104, ¶29, 378 Wis. 2d 504, 904 N.W.2d 773.

## II. A Writ of Certiorari Filed Before the Respondent Registers as a User Must Be Personally Served Unless the Respondent Consents in Writing to Electronic Service of the Writ.

¶15 As stated, Vieth concedes that he was required to personally serve the writ on Gabler if Gabler's attorney had not registered as a user in this case. Accordingly, the first question is whether that personal service requirement remained in place when Gabler's attorney registered as a user. Before we review

6

the electronic filing statutes to answer that question, we first summarize the statutory procedure for filing a certiorari action.

¶16    As this court has stated,

Section 801.02(5), Stats., specifies three procedures to commence a certiorari action.  First, the action "may be commenced under sub. (1)," which permits use of a summons and a complaint.  Second, the action "may be commenced … by service of an appropriate original writ [on the defendant named in the writ]."  Third, the action "may be commenced … by filing a complaint …, if service of … the complaint and of an order … is made upon the defendant."

*Nickel River Invs. v. City of La Crosse Bd. of Review*, 156 Wis. 2d 429, 431-432, 457 N.W.2d 333 (Ct. App. 1990) (internal footnote omitted; ellipses in original).  The parties do not dispute that Vieth was acting pursuant to the second procedure, service of a writ that was required to be personally served on Gabler.

¶17    We now review the applicable subparts of the circuit court electronic filing statute, set forth in WIS. STAT. § 801.18.  "'Electronic filing system' means an internet-accessible system established by the director for the purpose of filing documents with a circuit court, automatically integrating them into the court case management system, and electronically serving them on the parties." § 801.18(1)(e).  A "user" means "an individual who has registered to use the electronic filing system."  § 801.18(1)(n).  Licensed Wisconsin attorneys must register to use the electronic filing system prior to filing documents in the circuit court.  § 801.18(3)(a).

¶18    When a clerk of court files a document submitted by a user in a particular case, "the electronic filing system shall issue a confirmation to serve as proof of filing.  When personal service is not required, the confirmation shall also

serve as proof of service on the other users in the case." WIS. STAT. § 801.18(4)(c).

¶19 To commence an action, an attorney who has registered with the electronic filing system shall file an "initiating document" in the appropriate county. WIS. STAT. § 801.18(5)(a). An "'[i]nitiating document' means a summons and complaint, petition, application, citation, criminal complaint, or any other document filed to commence a court action." § 801.18(1)(j). "Initiating documents shall be served by traditional methods unless the responding party has consented in writing to accept electronic service or service by some other method." § 801.18(5)(d). "'Traditional methods' means those methods of filing and serving documents, other than electronic filing, provided under statutes and local rules." § 801.18(1)(m).[3]

¶20 An attorney who has registered with the electronic filing system and who represents a responding party "shall register as a user on the particular case. The electronic filing system will note the new user on the case." WIS. STAT. § 801.18(5)(e). The system will also generate a notice of activity to the other users in the cases when documents

> other than initiating documents are filed. Users shall access filed documents through the electronic filing system. For documents that do not require personal service, the notice of activity is valid and effective service on the other users and shall have the same effect as traditional service of a paper document, except as provided in par. (b).

---

[3] The parties confine their discussion of "traditional methods" to personal service, and we do the same.

§ 801.18(6)(a). Under § 801.18(6)(b), "[i]f a document other than an initiating document requires personal service, it shall be served by traditional methods unless the responding party has consented in writing to accept electronic service or service by some other method."

¶21 We now address Vieth's arguments as to how these statutes apply to this case.

¶22 As a preliminary matter, we note that Vieth does not contest that the electronic confirmation from the circuit court that was required to be issued under WIS. STAT. § 801.18(4)(c) when the writ was filed did not serve as proof of personal service on Gabler. This is true because, at the time the writ was filed, Gabler's attorney had not registered as a user in the case, and so the writ could not have been served on Gabler through the electronic filing system. *See* § 801.18(4)(c) ("When personal service is *not* required, the confirmation shall also serve as proof of service on the *other users* in the case." (emphasis added)).

¶23 However, Vieth contends that he was relieved of the obligation to personally serve Gabler with the writ when Gabler's attorney registered as a user under WIS. STAT. § 801.18(5)(e). More specifically, Vieth contends that Gabler's attorney registering as a user "changed" Vieth's personal service obligation and constituted acceptance of electronic service of the writ. We now explain why we reject Vieth's five arguments in support of his position, taking each argument as he presents it.

¶24 First, Vieth argues that Gabler's attorney registering as a user waived the requirement that the writ be personally served. Vieth cites the language in WIS. STAT. §§ 801.18(5)(d) and (6)(b) providing that an initiating or a subsequent document that requires personal service must be "served by traditional

9

methods unless the responding party has consented in writing to accept electronic service."[4]   However, Vieth points to no language in either of these statutory provisions, and no other authority, indicating that a respondent's registration as a user by itself constitutes the express "consent[] in writing to accept electronic service" of a specific document, such as the writ, that must otherwise be personally served.   Similarly, Vieth points to no language in either of these statutory provisions from which it can be reasonably inferred that when a responding party registers as a user the party also agrees to electronic service of documents filed before the party registered, without express written consent to that effect.[5]

¶25    Second, Vieth argues that the automatically generated email that he received when Gabler's attorney registered as a user in the case "directed [Vieth]

---

[4] The parties dispute whether the writ is an "initiating document" or a "subsequent document."   Summarizing, the State argues that the writ is an initiating document based on the language in WIS. STAT. § 801.02(5) stating that a certiorari action "may be commenced by service of an appropriate original writ."   Vieth argues that the petition is the initiating document based on language in WIS. STAT. § 893.735(3) ("In this section, an action seeking a remedy available by certiorari is commenced at the time that the prisoner files a petition seeking a writ of certiorari with the court.") and in *State ex rel. Shimkus v. Sondalle*, 2000 WI App 238, ¶2, 239 Wis. 2d 327, 620 N.W.2d 409 ("an action is 'commenced' within the meaning of the law at the time that the prisoner files a [certiorari] petition … with a court" (internal quotation omitted and alteration in original)).   We need not, and do not, resolve this dispute because, as we have explained, the pertinent language in the electronic filing system statute as to service of both initiating and subsequent documents is the same and we resolve this appeal based on that language.

[5] Vieth asserts that "there is no way to electronically serve a document that is already in the electronic record prior to the party opting in to the case."   However, rather than Vieth being placed in what he calls "an unworkable situation," Vieth was always able to personally serve the writ by asking the circuit court for an original writ and serving that original in the same manner that he served the petition.   *See State ex rel. DNR v. Walworth Cty. Bd. of Adjustment*, 170 Wis. 2d 406, 419, 489 N.W.2d 631 (Ct. App. 1992) ("[h]aving chosen to use a writ, the [petitioner] was obliged to obtain a writ from the court and to serve the original writ upon the [respondent]").   Moreover, Vieth could have asked Gabler's attorney if Gabler would consent in writing to accept electronic service of the writ.

*not* to serve traditional paper documents on Mr. Gabler," and that, consequently, Gabler was estopped from asserting that he needed to be personally served with the writ. We disagree. The email noted that Gabler "has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will *no longer need to provide* traditional paper documents to this party." (Emphasis added.) The email did not direct Vieth not to *serve* documents that were both (1) required to be served personally and (2) filed before Gabler's attorney registered. That is, the email did not override the statutory language in WIS. STAT. §§ 801.18(5)(d) and (6)(b).

¶26 Third, Vieth argues that, because Gabler was "aware of" and had the ability to electronically *access* the writ in the electronic case file, the writ was "electronically served" on Gabler. However, a responding party's knowledge of a document that must be personally served does not substitute for the personal service requirement. *See Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶25, 339 Wis. 2d 493, 811 N.W.2d 756 ("a defendant's actual notice of an action is not alone enough to confer personal jurisdiction upon the court" in the absence of proper service); *see also Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 430, 238 N.W. 2d 531 (1976) (same).

¶27 Fourth, Vieth argues that the defect in service that Gabler complains of is "of a hypertechnical nature" that is "non-prejudicial and nonjurisdictional." However, he fails to cite any legal authority supporting the proposition that failing to serve the writ is a technical error, and, therefore, we do not consider this argument further. *See Young v. Young*, 124 Wis. 2d 306, 312, 369 N.W.2d 178 (Ct. App. 1985) (stating that we will "refuse to consider an argument without legal authority specifically supporting the relevant propositions").

11

¶28    Fifth, Vieth argues that Gabler waived his jurisdictional objections (such as failure to properly and timely serve) when he filed the Notice of Appearance.  Gabler responds that, under the authority of binding precedent and WIS. STAT. § 802.06, Gabler's attorney's notice of appearance and motion to quash the writ of certiorari preserved his jurisdictional defense and permitted him to take other actions, including appearing at hearings and responding to the order to show cause, without waiving the defense.  Vieth does not address Gabler's arguments in his reply brief.  Accordingly, we deem Vieth to have conceded that Gabler's arguments on this point are correct.  *See **Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute." (quoted source omitted))

¶29    In sum, we conclude that the plain language of the applicable electronic filing system statutes does not support Vieth's argument that Gabler's attorney registering as a user relieved Vieth of his obligation to personally serve Gabler with the writ, where the writ was filed before the registration and Gabler did not consent in writing to electronic service of the writ.

### III.  Vieth Concedes that He Was Subject to a Ninety-day Deadline for Service of the Writ.

¶30    As stated, Vieth does not dispute that he never personally served Gabler with the writ and, as we have concluded, Vieth also fails to show that any electronic service of the writ on Gabler took place.  Therefore, the second question on appeal is whether Vieth was required to serve the writ within the ninety-day deadline applied by the circuit court.

¶31    The State's entire argument on this issue is as follows:

> The general statute applicable to certiorari proceedings contains a 90-day deadline to serve a summons and complaint. WIS. STAT. § 801.02(1). When proceeding by writ, WIS. STAT. § 801.02(5) contains no service deadline of its own; rather, it references sub. (1). Thus, a reading of WIS. STAT. § 801.02(1) and (5) reveals that an original, signed writ should be served within 90 days after the court issues the writ. Failure to serve the respondent within 90 days is fatal to the action because the court lacks personal jurisdiction over the respondent. *Hagen*, 262 Wis. 2d 113, ¶13, *see also* WIS. STAT. § 801.15(2) (prohibiting courts from enlarging the 90-day time period in § 801.02(1)).

¶32    Vieth concedes in his appellant's brief that the ninety-day limit referenced by the State and relied on by the circuit court applies to service of the writ. Accordingly, based on Vieth's concession and our conclusion that Vieth failed to personally serve Gabler with the writ within ninety days of the writ's filing, we also conclude that the court properly quashed the writ based on Vieth's failure to timely serve the writ.

## CONCLUSION

¶33    For all of the reasons stated above, we affirm.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.