**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 22, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1001**

Cir. Ct. No. **2020ME50**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

IN RE THE COMMITMENT OF J.M.C., JR.:

COLUMBIA COUNTY,

    PETITIONER-APPELLANT,

  V.

J.M.C., JR.,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Columbia County: TROY D. CROSS, Judge. *Reversed.*

¶1      KLOPPENBURG, J.[1]  Columbia County appeals the dismissal of a petition for involuntary commitment of J.M.C., Jr.  The circuit court granted J.M.C., Jr.'s motion to dismiss on the basis that the probable cause hearing on the petition was not held within the statutorily prescribed period of 72 hours after he was taken into custody.  The County argues that the circuit court erred because the record shows that the probable cause hearing was timely held.  J.M.C., Jr., concedes on appeal that the County is correct.  However, he argues that this appeal should be dismissed as moot.  As I explain, I reject his mootness argument and, based on his concession and on the plain language of the applicable statute, conclude that the probable cause hearing was timely held and that the petition was therefore erroneously dismissed.  Accordingly, I reverse.

### BACKGROUND

¶2      The following facts are undisputed.  On May 27, 2020, J.M.C., Jr., was taken into custody related to possible criminal charges at the Columbia County Jail.  Separately, on the morning of May 29, 2020, a three-party Petition for Involuntary Commitment of J.M.C., Jr., was filed with the Columbia County Circuit Court along with supporting affidavits by the three petitioners, and the circuit court signed an Order for Detention.  On the same date, the circuit court also ordered that a probable cause hearing on the Petition be held at 3:00 pm. on June 2, 2020.  No criminal charges were filed, and J.M.C., Jr., remained in custody when and after the Petition for Involuntary Commitment was filed and the Order for Detention was entered.

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise stated.

¶3 At the beginning of the probable cause hearing on June 2, 2020, J.M.C., Jr., moved to dismiss the case because the hearing was being held "in violation of" the statutorily prescribed 72-hour deadline, based on his having been in custody since May 27, 2020. The County responded that the 72-hour period began when J.M.C., Jr., was taken into custody for the purposes of the Petition after the action was filed on the morning of May 29, 2020. The circuit court determined that the County failed to show that J.M.C., Jr., was "incorrect" and ruled that, given that J.M.C., Jr., was already in custody, the 72-hour period began at the latest on May 28, when the Petition and supporting affidavits were signed and "should have been filed." Accordingly, the court granted the motion to dismiss. This appeal follows.

## DISCUSSION

¶4 I first explain why I reject J.M.C., Jr.'s argument that this appeal should be dismissed as moot. I next review the pertinent involuntary commitment statutory provisions and explain why, pursuant to their plain language and as argued by the County and conceded by J.M.C., Jr., the probable cause hearing was timely held. I conclude by reversing, consistent with the parties' positions on the merits.

### I. Mootness.

¶5 Mootness is a question of law that this court reviews de novo. *Marathon Cnty. v. D.K.*, 2020 WI 8, ¶16, 390 Wis. 2d 50, 937 N.W.2d 901.

¶6 Our supreme court has recently explained the doctrine of mootness as follows:

> Mootness is a doctrine of judicial restraint. An issue is moot when its resolution will have no practical effect on the underlying controversy. Because moot issues do not affect a live controversy, this court generally declines to reach them. But we may overlook mootness if the issue falls within one of five exceptions: (1) the issue is of great public importance; (2) the issue involves the constitutionality of a statute; (3) the issue arises often and a decision from [the appellate] court is essential; (4) the issue is likely to recur and must be resolved to avoid uncertainty; or (5) the issue is likely of repetition and evades review.

*D.K.*, 390 Wis. 2d 50, ¶19, (citations omitted).

¶7　　J.M.C., Jr., argues that this appeal is moot because its outcome will not affect a live controversy. Specifically, J.M.C., Jr., argues that *reversing and remanding* will have no effect on the underlying case because the next step in the case, a probable cause hearing, can only take place upon the filing of a new petition alleging new, recent acts. The County argues that this appeal is not moot because the dismissal has collateral implications for the County's ability to present the facts alleged in this Petition to establish a pattern of recent dangerous conduct in future proceedings. Its argument relies on *D.K.*, 390 Wis. 2d 50, in which the court held that an appeal in a commitment action may not be moot where collateral implications of the order appealed are raised. *Id.*, ¶22-23. The County's position is that *reversing* alone would eliminate those collateral consequences. J.M.C., Jr., disagrees. This dispute need not be resolved, because, assuming without deciding that the appeal is moot, I conclude that four of the exceptions to the mootness doctrine apply.

¶8　　As the County argues, the record here establishes that the question presented—how to calculate the time by which a circuit court must hold a probable cause hearing in an involuntary commitment case involving a person who is in law enforcement custody for reasons other than involuntary

commitment—is of public importance and is likely to arise often, to recur, and to be repeated but evade review; its resolution will provide needed clarification and certainty.

¶9 In the circuit court, counsel for J.M.C., Jr., explained that this same issue had arisen several times, and that on one of those occasions the probable cause hearing did not proceed. Absent clarification, the circuit court here was left to fashion a solution that it believed best preserved the parties' rights. On appeal, J.M.C., Jr., argues, essentially, that the "proper application of the statute" will prevent the issue from arising at all, and therefore from recurring or repeating without review or from being important. That argument by its terms substantiates the need to clarify what the "proper application of the statute" is. Accordingly, I now proceed to provide that clarification.

## II. Calculating the Time to Hold a Probable Cause Hearing.

¶10 Statutory interpretation presents a question of law that this court reviews de novo. *State v. Stewart*, 2018 WI App 41, ¶18, 383 Wis. 2d 546, 916 N.W.2d 188. "Statutory language is given its common, ordinary, and accepted meaning[.]" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶11 The statutes provide that an individual may be subject to emergency detention in several different scenarios. Under WIS. STAT. § 51.15(1), a law enforcement officer, among other authorized individuals, may detain an individual upon reason to believe that the individual is mentally ill and that there exists a

substantial probability of harm to self or others. ***Dane Cnty. v. Stevenson L.J.***, 2009 WI App 84, ¶2, 320 Wis. 2d 194, 768 N.W.2d 223.

¶12 Under WIS. STAT. § 51.20(1)(a), a petition for involuntary commitment of an individual may be filed alleging that the individual is mentally ill, a proper subject for treatment, and currently dangerous under one of five alternative dangerousness standards in the statutory subpart. The petition must be signed by 3 adult persons, at least one of whom has personal knowledge of the conduct of the individual. Sec. 51.20(1)(b). Upon the filing and review of the petition, a circuit court has 24 hours from the time of the filing of the petition to issue an order of detention. Sec. 51.20(2)(a).

¶13 Under WIS. STAT. § 51.20(2)(c), a law enforcement officer may detain an individual without an order for detention if the officer has reason to believe that the individual is mentally ill, a proper subject for treatment, and currently dangerous based on specific recent conduct by the individual.

¶14 Under each of the above scenarios, the individual detained has the right to a probable cause hearing within 72 hours after the individual is taken into custody. WIS. STAT. §§ 51.15(7)(a), 51.20(2)(b); ***Stevenson L.J.***, 320 Wis. 2d 194, ¶3 (regarding an individual detailed under § 51.15).

¶15 Calculation of the 72-hour period within which the probable cause hearing must be held is set forth in WIS. STAT. § 51.20(7), which states:

> After the filing of the petition under sub. (1), if the subject individual is detained under s. 51.15 or this section the court shall schedule and hold a hearing to determine whether there is probable cause to believe the allegations made under sub. (1)(a) within 72 hours after the individual is taken into custody under s. 51.15 or this section, excluding Saturdays, Sundays and legal holidays.

*See also Stevenson L.J.*, 320 Wis. 2d 194, ¶3 (stating that "the allegations made" includes the allegations contained in the statement of emergency detention under WIS. STAT. § 51.15).

¶16 The parties agree that, by its plain language, this statute provides in pertinent part that if an individual is detained *under WIS. STAT. § 51.20* and *after the filing of a three-party petition under § 51.20(1)*, the court must hold a probable cause hearing within 72 hours after the individual is *taken into custody under § 51.20*. Sec. 51.20(7)(a). That is, the time for starting the 72-hour period is after the three-party petition is filed and when the individual is taken into custody pursuant to the order of detention. Here, because both of those events took place on May 29, 2020, the parties agree that the probable cause hearing was timely held on June 2, 2020, and, thus, the Petition was erroneously dismissed.

### III. Relief.

¶17 As for the relief to which the County is entitled for the erroneous dismissal, the parties agree that this action may not be reversed *and remanded* to the circuit court to hold a second probable cause hearing because by now the 72-hour deadline is long past and a new petition including allegations of current dangerousness would need to be filed. Accordingly, as requested by the County, the circuit court's order erroneously dismissing the Petition based on an untimely probable cause hearing is reversed.

### CONCLUSION

¶18 For the reasons set forth above, I reverse the circuit court's order of dismissal.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.