**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 21, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1744**

Cir. Ct. No. 2025TP3

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO K. S. F., A PERSON UNDER THE AGE OF 18:

CHIPPEWA COUNTY,

   PETITIONER-RESPONDENT,

 V.

C. F.,

   RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Chippewa County: JAMES M. ISAACSON, Judge. *Reversed.*

¶1    GILL, J.[1]  Cynthia appeals an order terminating her parental rights to her son, Kevin.[2]  Cynthia argues that the circuit court erred by granting the Chippewa County Department of Human Services' (the County) motion for partial summary judgment during the grounds portion of the termination of parental rights (TPR) proceeding.  In particular, she contends that the court's prior order denying her visitation with Kevin did not adequately give her notice of the conditions she needed to meet in order to be granted visitation with Kevin.[3]  We agree and, therefore, reverse the TPR order.

## BACKGROUND

¶2    In September 2023, the County filed a petition to adjudicate Kevin a child in need of protection or services (CHIPS).  After Cynthia pled no contest and

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply."  RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case.  *See* WIS. STAT. RULE 809.82(2)(a); *Rhonda R.D. v. Franklin R.D.*, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

[2]  For ease of reading, we refer to the appellant in this confidential matter using a pseudonym, rather than her initials.  We do the same for the child.

[3]  A contested TPR proceeding involves a two-step procedure.  *Sheboygan Cnty. DHHS v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402.  The first step is a factfinding hearing, in which a jury or circuit court determines "whether any grounds for the termination of parental rights have been" proved.  *Id.*, ¶26 (quoting WIS. STAT. § 48.424(3)).  The termination proceedings then move to the second step, a dispositional hearing, at which the circuit court must consider the best interests of the child in deciding whether to terminate the parent's rights.  WIS. STAT. § 48.426(2).

the circuit court held a dispositional hearing, the court granted the County's petition and ordered that Kevin remain in an out-of-home placement.

¶3 In January 2024, the County filed both a request to revise the dispositional order and a memorandum in support, stating that a revision was necessary due to Cynthia's "erratic and unpredictable" behavior, which the County stated had "negatively impacted [Kevin's] wellbeing and presented as a safety concern." The County requested that Cynthia have no contact with Kevin's care providers and that Cynthia's visitation with Kevin be suspended.

¶4 The County's memorandum provided the factual basis for the County's request, including, in part, that Cynthia "ha[d] not complied" with the following "conditions of reunification":

> 1. That [Cynthia] … shall have regular, appropriate, and consistent visits and contact with [Kevin] … per the [County's] Family Interaction Plan. The terms of visitation shall be at the discretion of the [County.]
>
> 2. That [Cynthia] … shall not use or possess any non-prescribed mood-altering chemical substances and shall submit to a drug and alcohol screen (hair, blood, breath, saliva, nails, breathalyzer, or urine) as directed by the assigned case manager/social worker.
>
> 3. That [Cynthia] … shall under no circumstances interfere with the placement of [Kevin] …. [Cynthia] … shall not negatively influence [Kevin's] … perception of [his] placement. [Cynthia] … shall not discuss the CHIPS action or visitation with [Kevin] … unless authorized by the [County].

¶5 Cynthia waived the revision hearing, and the circuit court adopted the County's allegations as its own findings of fact. In January 2024, the court granted the revision "as requested" (the "revision order"). The court's revision order provided "[t]hat [Cynthia] shall not have any contact with the care

providers" and "[t]hat visitation between the mother, [Cynthia] and … [Kevin] shall be suspended until further order of the [c]ourt." The revision order also contained a notice concerning the grounds on which parental rights may be terminated, which stated: "A list of potential grounds to terminate your parental rights is given below. Those that are check-marked may be most applicable to you, although you should be aware that if any of the others also exist now or in the future, your parental rights can be taken from you." Of that list, the only ground that was check-marked was continuing CHIPS. *See* WIS. STAT. § 48.415(2).

¶6 In March 2025, the County filed a petition to terminate Cynthia's parental rights to Kevin, alleging that grounds for TPR existed due to continuing denial of periods of physical placement or visitation. *See* WIS. STAT. § 48.415(4). The County then moved for partial summary judgment as to the grounds portion of the TPR process, arguing that the fact of Cynthia's continuing denial of periods of physical placement or visitation was established by the circuit court's revision order, which had been in effect for over one year at the time the TPR petition was filed.

¶7 Cynthia filed a motion to deny the County's motion for partial summary judgment. Cynthia argued that there existed genuine issues of material fact as to (1) "the appropriateness" of the circuit court's revision order suspending visitation, (2) "the appropriateness of the conditions for reinstatement of visitation," (3) "whether [Cynthia] was properly advised of the procedure to reinstate visitation," (4) "whether the [c]ourt placed any responsibility for amending or revising the suspension of visitation on the [County]," and (5) "whether any of the [one-year] timeframe[s] associated with [WIS. STAT. §] 48.415(4) should be excluded based on lack of counsel."

4

¶8 After a hearing on the motions, which included testimony from Kevin's social worker, the circuit court found that there had been a CHIPS order denying Cynthia visitation with Kevin and that one year had passed since that order was entered. The court therefore granted the County's motion for partial summary judgment on the grounds portion of the TPR process, thereby implicitly denying Cynthia's motion.

¶9 During the dispositional phase, the circuit court heard testimony from Kevin's foster mother, Kevin's social worker, Cynthia's probation agent, and Cynthia. Thereafter, the court found that it was in Kevin's best interests to terminate Cynthia's parental rights, and it entered a TPR order.

¶10 Cynthia's appointed appellate counsel subsequently filed a no-merit report stating that "there were no procedural defects in the proceedings," that the circuit court properly granted the County's motion for partial summary judgment, and that the court did not erroneously exercise its discretion by terminating Cynthia's parental rights. (Formatting altered.) We rejected the no-merit report, stating that there was an issue of arguable merit as to whether the court's visitation order provided Cynthia with the required notice of potentially applicable grounds for TPR. We also noted that there was an issue of arguable merit due to the visitation order not including any conditions that Cynthia was required to fulfill in order to regain visitation with Kevin. We then converted the no-merit appeal to this appeal on the merits.

**DISCUSSION**

¶11 Cynthia first argues that the circuit court erred by granting the County's motion for partial summary judgment during the grounds portion of the TPR process because the revision order did not adequately set forth the conditions

for reinstatement of Cynthia's visitation rights with Kevin. Cynthia additionally argues that the court's dispositional order placing Kevin outside of her home did not adequately warn her that the TPR ground ultimately sought by the County was one of the grounds "most applicable" to her.[4]

¶12 We review a circuit court's grant of summary judgment de novo, "applying the same methodology as the circuit court but benefiting from the circuit court's analysis." *State v. Bobby G.*, 2007 WI 77, ¶36, 301 Wis. 2d 531, 734 N.W.2d 81. Partial summary judgment is available on the grounds portion of TPR proceedings "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2); *see Steven V. v. Kelley H.*, 2004 WI 47, ¶35, 271 Wis. 2d 1, 678 N.W.2d 856.

¶13 Further, the resolution of this appeal requires us to interpret statutes, which presents a question of law that we review de novo. *See State v. Stewart*, 2018 WI App 41, ¶18, 383 Wis. 2d 546, 916 N.W.2d 188. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially[]defined words or phrases are given their technical or special definitional

---

[4] Because we reverse the TPR order due to the circuit court's revision order failing to adequately inform Cynthia of the conditions necessary to be granted visitation with Kevin, we need not address Cynthia's argument that the revision order failed to adequately notify her of the TPR ground sought by the County. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (noting that we need not address all issues when the resolution of one of those issues is dispositive).

meaning." ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted).

¶14     The circuit court granted the County's motion for partial summary judgment on the ground of continuing denial of periods of physical placement or visitation under WIS. STAT. § 48.415(4).  This ground requires proof of two elements.  First, "[t]hat the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under [WIS. STAT. §§] 48.345, 48.363, 48.365, 938.345, 938.363 or 938.365 containing the notice required by [WIS. STAT. §§] 48.356(2) or 938.356(2)."  Second, "[t]hat at least one year has elapsed since the order denying periods of physical placement or visitation was issued"; and "the court has not subsequently modified its order so as to permit periods of physical placement or visitation."[5]  Sec. 48.415(4)(a), (b).

¶15     WISCONSIN STAT. § 48.356, the notice statute pertinent to this appeal, provides,

> Whenever the court … denies a parent visitation because the child … has been adjudged to be in need of protection or services under [WIS. STAT. §§] 48.345, 48.347, 48.357, 48.363, or 48.365 … the court shall orally inform the parent … who appears in court of any grounds for termination of parental rights under [WIS. STAT. §] 48.415 which may be applicable and of the conditions necessary for the child or expectant mother to be returned to the home or for the parent to be granted visitation.

Sec. 48.356(1).  Section 48.356(2) further provides that "any written order which places a child or an expectant mother outside the home or denies visitation under

---

[5] It is undisputed that the circuit court's revision order denying visitation between Cynthia and Kevin was an order issued under WIS. STAT. § 48.363.

sub. (1) shall notify the parent or parents or expectant mother of the information specified under sub. (1)."

¶16     Cynthia argues that the circuit court's grant of partial summary judgment was improper because the revision order did not contain adequate notice of the conditions Cynthia was required to meet to reinstate visitation with Kevin. Instead, the revision order referenced a separate document—a memorandum the County filed in the CHIPs action in support of its request to revise Cynthia's visitation—that contained the conditions for resumption of visitation. Cynthia contends that the plain language of WIS. STAT. § 48.356 does not permit a dispositional order denying visitation to "reference another pleading the parent received at a different time to establish the conditions for resumption of visitation." The County agrees that the court's order does not itself contain the conditions to reinstate visitation, but that the order instead incorporates the County's memorandum requesting a revision of the dispositional order, which it contends contains the actual conditions required of Cynthia for reinstating her visitations with Kevin.

¶17     The County argues that the notice requirement under WIS. STAT. § 48.356—namely, that a circuit court order denying visitation must inform a parent of the conditions to be granted visitation—can be satisfied by incorporating by reference another document that contains the case-specific conditions to reinstate visitation. In support of this argument, the County references the standard form for revision of dispositional orders, which the County contends "does not contemplate the [c]ourt including a written explanation for why it is finding that the allegations of the request are proven and adopted as findings of fact" and "puts the reader on notice that there may be additional documents incorporated into the order."

¶18     Assuming without deciding that the County is correct in its assertion that a circuit court's order for revision of a dispositional order may incorporate by reference another document to satisfy the notice requirement under WIS. STAT. § 48.356(2), we conclude that the County's revision request here still did not provide adequate notice to Cynthia.  The County's memorandum supporting its request to revise Cynthia's visitation listed three conditions, which it referred to as "the conditions for reunification."  Reunification is different from visitation. *Compare Reunification*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "reunification" as "[a] reunion or reuniting; esp., the return of a child who has been removed from his or her parents because of abuse or neglect by one or both of them"), *with Visitation*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "visitation" as "[a] relative's, esp. a noncustodial parent's, period of access to a child.—Also termed parental access; access; parenting time; residential time") (formatting altered).  Indeed, if the first condition provided by the County—"[t]hat [Cynthia] … shall have regular, appropriate, and consistent visits and contact with [Kevin]"—were a condition necessary for Cynthia to be *granted* visitation, it would have been impossible for Cynthia to meet this condition.

¶19     Further, the language the County used in its memorandum is vague and unspecific.  The memorandum states that "*among* the conditions of reunification that the [circuit] court ordered [in October 2023], [Cynthia] was specifically ordered to do the following…. [Cynthia] has not complied with those conditions."  (Emphasis added.)  "Among" means "in or through the midst of: surrounded by."  *Among*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/among (last visited Jan. 16, 2026).  Stating that these three conditions were "among" the conditions of reunification and that Cynthia failed to meet these three conditions indicates that there may

have been other conditions that the County did not include. Thus, even if we interpreted WIS. STAT. § 48.356 in accordance with the County's arguments, the County's memorandum still failed to inform Cynthia of all the conditions necessary for her to be granted visitation with Kevin.

¶20 Accordingly, we conclude that the circuit court's revision order failed to adequately inform Cynthia of the conditions necessary for her to be granted visitation with Kevin. Therefore, the County failed to meet its burden to prove that grounds for TPR existed due to the continuing denial of periods of physical placement or visitation between Cynthia and Kevin, and the court erred as a matter of law by granting the County partial summary judgment on the grounds phase of the TPR process.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.