# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2020AP1582

†Petition for Review Filed

Complete Title of Case:


### BEATRIZ BANUELOS,

### PLAINTIFF-APPELLANT,

### V.

### UNIVERSITY OF WISCONSIN HOSPITALS AND CLINICS AUTHORITY,

### DEFENDANT-RESPONDENT.†


| | |
|---|---|
| Opinion Filed: | September 30, 2021 |
| Submitted on Briefs: | February 18, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Blanchard, P.J., Kloppenburg, and Nashold, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jesse B. Blocher*, *Peter M. Young*, and *Corey G. Lorenz*, of *Habush Habush & Rottier S.C.*, Madison. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Daniel A. Manna* of *Gass Weber Mullins LLC*, Milwaukee, and *Jay P. Lefkowitz* and *Joseph M. Sanderson*, of *Kirkland & Ellis LLP*, New York, New York. |

**2021 WI App 70**

## COURT OF APPEALS
## DECISION
## DATED AND FILED

### September 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP1582**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2020CV903**

**IN COURT OF APPEALS**

---

BEATRIZ BANUELOS,

   PLAINTIFF-APPELLANT,

V.

UNIVERSITY OF WISCONSIN HOSPITALS AND CLINICS AUTHORITY,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: JUAN B. COLÁS, Judge. *Reversed and cause remanded for further proceedings*.

Before Blanchard, P.J., Kloppenburg, and Nashold, JJ.

¶1    KLOPPENBURG, J.  Beatriz Banuelos appeals the circuit court's dismissal of her complaint alleging that the University of Wisconsin Hospitals and Clinics Authority (UW Health) unlawfully charged her fees for providing, at her request, electronic copies of her patient health care records. The parties agree that

whether the court properly dismissed the complaint depends solely on the interpretation of WIS. STAT. § 146.83(3f) (2019-20)[1], which governs the fees that health care providers are allowed to charge for fulfilling requests to provide copies of patient health care records. We conclude that the pertinent statutory language permits a health care provider to charge for providing requested copies of patient health care records only those fees enumerated in § 146.83(3f) that apply to the request. We conclude that the fees that UW Health charged Banuelos are unlawful under § 146.83(3f) because she requested and received copies in an electronic format and there are no statutorily enumerated fees for electronic copies. Accordingly, we reverse the court's order dismissing Banuelos's complaint and remand for further proceedings.

## BACKGROUND

¶2      The following allegations in Banuelos's complaint are not contested for purposes of this appeal. In February 2020, Banuelos submitted a request to UW Health to provide to her attorneys copies, in electronic format, of her patient health care records.[2] UW Health provided copies of the requested records in electronic format to the attorneys. It also submitted to Banuelos an invoice listing "per page" fees for the electronic copies it provided. The invoice was based on the maximum

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Banuelos's complaint uses the term "medical records." In this opinion we will generally use the statutory term "patient health care records." *See* WIS. STAT. § 146.83(3f) (addressing requests for copies of "patient health care records"); WIS. STAT. § 146.81(4) (defining the term "patient health care records").

per page fees for the provision of "paper copies" of patient health care records permitted by WIS. STAT. § 146.83(3f)(b)1.

¶3    Seeking declaratory, injunctive, and monetary relief, Banuelos alleges that the fees charged to Banuelos are unlawful.

¶4    UW Health moved to dismiss this action on the ground that Banuelos's suit is "premised upon a misinterpretation of ch. 146 of the Wisconsin Statutes."[3]  The circuit court agreed, concluding that the UW Health fees are allowed under WIS. STAT. § 146.83(3f) and that Banuelos cannot, therefore, prevail. Accordingly, the court granted UW Health's motion to dismiss for failure to state a claim on which relief can be granted.  Banuelos appeals.

## DISCUSSION

¶5    Whether Banuelos's complaint fails to state a claim on which relief can be granted turns on whether the alleged UW Health fees for the provision of electronic copies of Banuelos's patient health care records, at the per page rate statutorily permitted for the provision of paper copies, are allowed under WIS. STAT. § 146.83(3f).  That issue is a matter of statutory interpretation.  We first state the standard of review governing a circuit court's order granting a motion to dismiss and the general principles governing statutory interpretation.  We next apply those principles to interpret the pertinent statutes governing access to patient health care records.

---

[3] UW Health raised two additional grounds in its motion to dismiss, which the circuit court did not address in its decision and which the parties do not address on appeal.  We resolve only the ground argued on appeal and express no opinion as to these two additional grounds.

3

¶6      As we explain, we conclude based on plain meaning statutory interpretation that WIS. STAT. § 146.83(3f) permits health care providers to charge for providing requested copies of patient health care records only those fees enumerated in § 146.83(3f) that apply to the request.  We also explain why we reject UW Health's arguments to the contrary.   Applying our interpretations of § 146.83(3f) and related statutes, we conclude that the invoice submitted by UW Health is not valid and, therefore, the circuit court erred in interpreting the statute to dismiss this action.

## I.  Applicable Standard of Review and Principles of Statutory Interpretation

¶7      We review de novo the legal question of whether a complaint states a claim on which relief can be granted.  **Data Key Partners v. Permira Advisers LLC**, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.   To survive a motion to dismiss, a complaint "must allege facts that, if true, plausibly suggest a violation of applicable law."  **Id.**, ¶21; *see also* WIS. STAT. § 802.02(1)(a) (complaint must show "that the pleader is entitled to relief").  "Legal conclusions stated in the complaint are not accepted as true, and they are insufficient to … withstand a motion to dismiss."  **Data Key Partners**, 356 Wis. 2d 665, ¶19.

¶8      The answer to the question of whether Banuelos's complaint states a claim on which relief can be granted depends on what the pertinent statutes mean, which is also a question of law that we review de novo.  **State v. Stewart**, 2018 WI App 41, ¶18, 383 Wis. 2d 546, 916 N.W.2d 188.

¶9      Wisconsin courts conduct a plain meaning analysis that begins with the statutory language.  *See* **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.**, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110 ("Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation

focus primarily on the language of the statute. We assume that the legislature's intent is expressed in the statutory language."). The words used by the legislature are to be given their "common, ordinary, and accepted meaning," *id.*, ¶45, "that proper grammar and usage would assign them." *State v. Arberry*, 2018 WI 7, ¶19, 379 Wis. 2d 254, 905 N.W.2d 832. In addition, statutory language must be interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Kalal*, 271 Wis. 2d 633, ¶46. "'If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.'" *Id.* (quoting *Bruno v. Milwaukee Cnty.*, 2003 WI 28, ¶20, 260 Wis. 2d 633, 660 N.W.2d 656).

¶10 "A review of statutory history is part of a plain meaning analysis." *Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581. "Previous cases construing a statute also become a part of our understanding of a statute's plain meaning." *Meyers v. Bayer AG*, 2007 WI 99, ¶23, 303 Wis. 2d 295, 735 N.W.2d 448. In addition, "we may consult extrinsic sources to confirm our understanding of the plain language of a statute." *Moya v. Aurora Healthcare, Inc.*, 2017 WI 45, ¶18, 375 Wis. 2d 38, 894 N.W.2d 405.

## II. Interpretation of WIS. STAT. § 146.83(3f)

¶11 The statutory provisions at issue are contained in WIS. STAT. § 146.83(3f) and, consistent with the principles above, we apply a plain meaning interpretation in analyzing the statute. We interpret the pertinent statutory language by analyzing its language, grammar, and context and by reviewing its statutory history. We are also assisted by case law construing the statute on related issues.

*A. Statutory Language, Grammar, and Context*

¶12    We begin with the language of WIS. STAT. § 146.83(3f).  Paragraph (a) mandates that, subject to exceptions that are inapplicable here:

> if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b), the health care provider shall provide the person making the request copies of the requested records.

Sec. 146.83(3f)(a).[4]

¶13    This paragraph unambiguously provides that if the requestor meets three requirements—making the request for copies, providing the informed consent, and paying "the applicable fees under par. (b)"—then the copies "shall" be provided.  It is self-evident from this language that, if there are no "applicable fees under par. (b)," the copies "shall" still be provided and no fees are owed, and UW Health does not argue to the contrary.

¶14    We now turn to the language of WIS. STAT. § 146.83(3f)(b).  Paragraph (b) states that, subject to exceptions that are inapplicable here:

---

[4] "'Patient health care records' means *all records* related to the health of a patient prepared by or under the supervision of a health care provider." WIS. STAT. § 146.81(4) (specifying that the definition applies to WIS. STAT. § 146.83) (emphasis added). *See also* ***Wall v. Pahl***, 2016 WI App 71, ¶28, 371 Wis. 2d 716, 886 N.W.2d 373 (this definition has three requirements: "a patient health care record must be a 'record' … the record must have been prepared by or under the supervision of a health care provider … [and] the record must relate to the patient's health."). Given the arguments of the parties in this appeal, our emphasis of the phrase "all records" is focused on the variety of types or formats of patient health care records that may be held by a health care provider (*e.g.*, photographic and other images, audio recordings, notations, reports, etc.), and not on the scope of the topics addressed in medical records.

We clarify that, while the phrase "informed consent" has another well-recognized meaning in the medical malpractice area, in this context it refers to the authorization of the patient for the release of his or her records as requested by "a person." *See* WIS. STAT. § 146.81(2) (defining "informed consent" as used "in ss. 146.81 to 146.84").

(b) … a health care provider may charge *no more than the total of all of the following* that apply for providing the copies requested under par. (a):

1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.

2. For microfiche or microfilm copies, $1.50 per page.

3. For a print of an X-ray, $10 per image.

4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.

5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.

6. Actual shipping costs and any applicable taxes.

Sec. 146.83(3f)(b) (emphasis added). Notably, there is no reference in subds. (b)1.-6. to electronic copies, which is the format that was requested and provided here.

¶15 The operative language of WIS. STAT. § 146.83(3f)(b) limits what a provider may charge "for providing the copies [of patient health care records] requested under par. (a)" to *"no more than the total of all of the following that apply"* of six enumerated fees. This means that the fees a health care provider is permitted to charge must be equal to or less than the total of whichever, if any, of the six fees enumerated in subds. (b)1.-6. that apply, based on variables that include the format of the copies requested and who is making the request. This language also makes clear that para. (b) defines the total universe of fees that a provider may collect from a requester for the service of fulfilling a request for patient health care records under para. (a).

¶16 Supporting this interpretation of WIS. STAT. § 146.83(3f)(b) is the grammatical structure of para. (b) as a whole: "a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a)." *See Flug v. LIRC*, 2017 WI 72, ¶32, 376 Wis. 2d 571, 898 N.W.2d 91 (relying on the "rules of grammar" to interpret a statute). The verb phrase in this sentence, "may charge," must be modified by the second part of para. (b), stating, "for providing the copies requested under par. (a)," because "for" is the preposition that links to the transitive verb "charge." Idiomatically, one charges (something) for (something). *Charge (something) for something,* MCGRAW-HILL DICTIONARY OF AMERICAN IDIOMS AND PHRASAL VERBS, (1st ed. 2005). The fees are charged for the service of providing "all records related to the health of a patient prepared by or under the supervision of a health care provider" that are requested. WIS. STAT. § 146.83(3f)(a) ("if a person requests copies of a patient's health care records … the health care provider shall provide [to] the person making the request copies of the requested records."). The provider charges a fee for the service of providing copies. The total fee is expressed not by a single number but by a sum of numbers: "the total of all of the following that apply."

¶17 Accordingly, the language and grammatical structure of para. (b) instruct that a health care provider may charge no more than the total of the amount of those fees enumerated in the statute that apply to the particular request. If a charged fee is not one of the enumerated fees and applicable to the particular request, it is not permitted.

¶18 Pertinent here, the enumeration of permissible fees in para. (b) includes fees for providing paper copies but does not include fees for providing electronic copies. *See* WIS. STAT. § 146.83(3f)(b). Because para. (b) does not enumerate any fees that apply to the provision of electronic copies of patient health

care records, under para. (a) a health care provider that complies with a request to provide electronic copies of a patient's health care records may not charge a fee for doing so. *See* § 146.83 (3f)(a)-(b).

¶19   If WIS. STAT. § 146.83(3f)(b) does not establish the universe of fees that may be charged for the service of providing patient health care records, then nothing would prevent health care providers from charging any amount they wished for all items or services that do not correspond to an enumerated fee. For example, a provider might charge any amount for the service of providing a fax or a copy of a photograph because fees for those items are not enumerated in the statute, as well as charge high fees for providing electronic copies.

¶20   Further, various related statutes would be rendered essentially meaningless. *See Kalal*, 271 Wis. 2d 633, ¶46 ("statutory language is interpreted in the context in which it is used ... in relation to the language of surrounding or closely-related statutes ...."). WISCONSIN STAT. § 146.83 contains several provisions mandating reduced fees for certain patients, including those who request copies of patient health care records "for use in appealing a denial of social security disability insurance" or "supplemental security income" and those who are "eligible for medical assistance." Sec. 146.83(1f)(am), (cm). For example, a health care provider "may not charge" those who are eligible for medical assistance "more than 25 percent of the applicable fee under sub. (3f)." Sec. 146.83(1f)(cm). If health care providers could charge any amount for unenumerated fees—most notably for providing electronic copies of patient health care records—providers could charge well above what the legislature contemplates should be paid by patients who rely on social security or medical assistance. Statutory language must be read "reasonably, to avoid absurd or unreasonable results." *Kalal*, 271 Wis. 2d 633, ¶46.

9

¶21 Two other sections of chapter 146 also support our plain meaning interpretation of WIS. STAT. § 146.83(3f), because they highlight the clearly expressed, strong interest of the legislature in permitting patients to obtain and share with others their own health care records. WISCONSIN STAT. § 146.83(4)(b) provides that no one may "conceal or withhold a patient health care record with intent to … prevent its release to the patient," or to a person who is authorized to obtain the patient's record. WISCONSIN STAT. § 146.84(2)(a)3. provides that anyone who violates § 146.83(4) "may be fined not more than $25,000 or imprisoned for not more than 9 months or both." Section 146.84(1) also contains a provision authorizing penalties for violations of § 146.83 generally. Sec. 146.84 (1)(b) and (bm). These provisions provide strong incentives for health care providers to comply with statutory mandates governing "access to patient health care records." Sec. 146.83. Given that the legislature has imposed stiff penalties for denying a patient access to his or her health care record, we can infer the legislature's public policy of promoting access to patient records. An interpretation of § 146.83(3f) that would allow health care providers to impose unlimited fees that are not enumerated in the statute for providing copies of a patient's health care records is not reasonable because it would contravene that public policy.

## B. Statutory History

¶22 We now "examine the statutory history that underlies the current version" of WIS. STAT. § 146.83(3f), which supports our plain language interpretation given above. *See **Richards***, 309 Wis. 2d 541, ¶22. For the reader's convenience, below we provide a side-by-side comparison of the statutory language of subsec. (3f) as it existed before it was amended in 2011 and as it exists now (and has existed since the 2011 amendment):

| 2009-10 Statutes | 2019-20 Statutes (as amended 2011) |
|---|---|
| … a health care provider may charge no more than the total of all of the following that apply for providing copies requested under par. (a) or (b):<br><br>1. For paper copies, 35 cents per page.<br>2. For microfiche or microfilm copies, $1.25 per page.<br>3. For a print of an X-ray, $10 per image.<br>3m. For providing copies in digital or electronic format, a charge for all copies requested.<br>4. Actual shipping costs.<br>5. If the patient or person authorized by the patient requests delivery of the copies within 7 or fewer days after making a request for copies, and the health care provider delivers the copies within that time, a fee equal to 10 percent of the total fees that may be charged under subds. 1. to 4. | ... a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):<br><br>1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.<br>2. For microfiche or microfilm copies, $1.50 per page.<br>3. For a print of an X-ray, $10 per image.<br>4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.<br>5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.<br>6. Actual shipping costs and any applicable taxes. |

¶23    As is apparent from this comparison, and pertinent to this appeal, the 2011 amendment deleted two types of charges (those for electronic copies of records and those for delivery within seven or fewer days) and added two types of charges (for certification and retrieval of copies). At the same time, the legislature did not exclude electronic copies of records from the language in WIS. STAT. § 146.83(3f)(a) applying that statute to requests for copies of a patient's health care records.

¶24    The changes that the legislature did and did not make show that WIS. STAT. § 146.83(3f), both before and after the 2011 amendment, is an enumeration of all permitted fees that health care providers may charge for the service of providing copies of patient health care records. If not, there would have been no reason in the previous version of the statute for the legislature separately to provide that health care providers may impose an unspecified and unlimited "charge" for providing copies in digital or electronic format. Such an interpretation would render that part of the previous version of the statute superfluous and meaningless, a result that we avoid. *See Belding v Demoulin*, 2014 WI 8, ¶17, 352 Wis. 2d 359, 843 N.W.2d 373 ("Statutory interpretations that render provisions meaningless should be avoided."); *State v. Popenhagen*, 2008 WI 55, ¶35, 309 Wis. 2d 601, 749 N.W.2d 611 ("[s]tatutes are interpreted to give effect to each word [and] to avoid surplusage").

¶25    In addition, because the language allowing health care providers to charge for the provision of electronic copies of patient health care records has been repealed, interpreting the amended statute to allow such a charge would require us to read language into the statute that is no longer there, which we cannot do. *See Fond du Lac Cnty. v. Town of Rosendale,* 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989) ("One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning."); *Dawson v. Town of Jackson*, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316 ("We decline to read into the statute words the legislature did not see fit to write.").

¶26    We cannot construe an amended law in such a way that it is "given the same force and effect as if the amendment … had not been adopted." *State ex rel. Tank v. Anderson*, 191 Wis. 538, 541, 211 N.W. 938 (1927). "If any presumption applies, it is that the legislature by reason of the amending enactment

12

sought to change the existing law." ***Green Bay Drop Forge Co. v. Indus. Comm'n***, 265 Wis. 38, 50, 60 N.W.2d 409 (1953) (explaining that if the law before the enactment of an amendment was the same as provided in the amended law, "there would have been no occasion for enacting" the amendment).

¶27     Summing up the statutory history aspect of our analysis, it reinforces our interpretation of the current statutory language in showing that a health care provider may charge for the service of providing requested copies of patient health care records only the fees that are enumerated by statute for the particular request that is made. It would be for the legislature to change the law, for example deciding again to permit fees for providing electronic copies. *See **Milwaukee J. Sentinel v. City of Milwaukee**, 2012 WI 65, ¶¶35-36, 341 Wis. 2d 607, 815 N.W.2d 367 (concluding that where the legislature listed within a law four specific tasks for which fees may be imposed, that list demonstrated "that the legislature considered the imposition of fees and knew how to authorize particular types of fees" and statutory text did not "allow the imposition of a broad array of fees"; "the legislature knew how to draft that language and could have done so had it wished."); **id.**, ¶83 (Roggensack, J., concurring and noting that addressing concerns about costs not enumerated by statute "is a legislative function, not a function properly undertaken by the courts.").

## *C. Previous Case Law*

¶28     Our interpretation of WIS. STAT. § 146.83(3f)(b) finds further support in "prior decisions that have examined similar statutory questions." ***Bostco LLC v. Milwaukee Metro. Sewerage Dist.***, 2013 WI 78, ¶46, 350 Wis. 2d 554, 835 N.W.2d 160. Specifically, our supreme court in ***Moya v. Aurora Healthcare, Inc.***, 375 Wis. 2d 38, and this court in ***Harwood v. Wheaton Franciscan Servs., Inc.***, 2019

WI App 53, 388 Wis. 2d 546, 933 N.W.2d 654, implied (without directly addressing the question) that fees which are not specifically enumerated in WIS. STAT. § 146.83(3f) for the nature of the request are not permitted. *See Moya*, 350 Wis. 2d 554, ¶2 (explaining that the statute creates an "exemption" from certain fees not enumerated in the statute); *Harwood*, 338 Wis. 2d 546, ¶¶42, 43 (stating that § 146.83(3f)(b) enumerates certain "allowable fees" and does not allow fees that are not explicitly authorized). In other words, in both cases, our courts implied that what is not enumerated by § 146.83(3f)(b) is meant to be regulated by being disallowed.

¶29   Based on our review of the statutory language, grammar, and context, statutory history, and previous case law, we conclude that the plain meaning of WIS. STAT. § 146.83(3f) is unambiguous and that it operates to prohibit charging, for the provision of requested copies of patient health records, fees that are not enumerated in the statute and do not apply to the request. We now proceed to apply the plain meaning of the statute to Banuelos's appeal of the circuit court order dismissing her complaint for failure to state a claim on which relief can be granted.

### III.  Application of WIS. STAT. § 146.83(3f)(b) to Motion to Dismiss

¶30   As stated, Banuelos's complaint alleges that she requested only electronic copies of her patient health care records, that UW Health provided those copies in electronic format, but that it charged her the maximum per page fees permitted under WIS. STAT. § 146.83(3f)(b)1. for paper copies for all of the records that it provided. As we have concluded, these fees are not permitted because fees for the provision of paper copies do not apply to Banuelos's request for electronic copies, and because fees for the provision of electronic copies are not enumerated in the statute. Accordingly, the invoice submitted by UW Health is not valid and

the circuit court erred in interpreting the statute to dismiss this action. We now address UW Health's arguments to the contrary.

## IV. UW Health's Arguments

¶31 UW Health makes two alternative arguments: (1) the scope of WIS. STAT. § 146.83(3f) does not include the provision of electronic copies of patient health care records and, therefore, the legislature has placed no limit on the amount of the fees providers may charge for providing electronic copies; and (2) even if § 146.83(3f) does apply to the provision of electronic copies, then the legislature did not intend to bar charging fees for providing copies of patient health care records other than those referenced in § 146.83(3f), but rather intended to permit providers to charge the maximum statutory per page paper rate found in § 146.83(3f)(b)1. as a "baseline fee." We address the "scope of the statute" and "baseline fee" arguments in turn.

### A. Scope of WIS. STAT. § 146.83(3f)

¶32 The scope argument is essentially a conclusory assertion, not a developed argument. UW Health asserts that, because WIS. STAT. § 146.83(3f) is silent as to fees for the provision of electronic copies, such fees cannot be subject to any limitation "at all." To clarify, UW Health does not offer any argument that contradicts our plain language analysis above. Based on that analysis, we reject the scope argument as follows. Silence in § 146.83(3f) as to the provision of electronic copies as requested is not evidence that the legislature has failed to cover that situation; instead, it is evidence that the legislature does not permit any fees for providing electronic copies as requested. In light of the statutory language that the legislature did use, it is unambiguous that the legislature permits fees only for the

15

six specific enumerated items and thus there is no need for the statute to additionally state that items not enumerated must be provided at no cost to the requester.

¶33 UW Health's reliance on the statute's silence on this topic is not accompanied by a discussion of the text of the statute. This does not constitute a viable argument in opposition to a plain language analysis of the meaning of the statute. In sum, UW Health does not offer any developed plain language interpretation of the statute.

¶34 Moreover, Banuelos presented in her opening brief on appeal a plain language interpretation of WIS. STAT. § 146.83(3f) that is similar to the plain language interpretation set forth in this opinion, and we could deem UW Health's failure to respond to that analysis as a concession that it is correct. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) ("respondents cannot complain if propositions of appellants are taken as confessed which respondents do not undertake to refute.").

¶35 Nevertheless, for the sake of completeness, we proceed to address and reject the three specific subarguments that UW Health makes as to scope. Specifically, UW Health argues that fees for the provision of electronic copies of patient health care records are not subject to any limitation in WIS. STAT. § 146.83(3f) based on: (1) one repealed provision of WIS. STAT. § 146.83; (2) language in § 146.836; and (3) legislative history. We now explain why UW Health's reliance on these sources is misplaced.

*1. Repeal of Mandate to Provide Electronic Copies*

¶36    UW Health cites the history of WIS. STAT. § 146.83, highlighting the following provision mandating the provision of electronic copies of patient health care records from the 2009-10 version of the statute:

> (1k) Upon the request of the person requesting copies of patient health care records … the health care provider shall provide the copies in a digital or electronic format unless the health care provider's record system does not provide for the creation or transmission of records in a digital or electronic format, in which case the health care provider shall provide the person a written explanation for why the copies cannot be provided in a digital or electronic format. The health care provider may include the written explanation with the production of paper copies of the records if the person chooses to receive paper copies.

WIS. STAT. § 146.83(1k) (2009-10). UW Health asserts that, in repealing that provision in 2011, and the corresponding fee provision in § 146.83(1f) and (1h) (2009-10) that allowed for providers to impose "a charge" for providing electronic copies of patient health care records, the Wisconsin legislature "sought to get out of the business of mandating electronic copies of medical records." According to UW Health, absent such a separate mandate, the limits on fees for providing copies of patient health care records in § 146.83(3f) cannot apply to the provision of

electronic copies.[5] However, UW Health does not explain why it follows from legislative repeal of the separate mandate requiring the provision of copies of patient health care records in electronic format and the corresponding fee provision, that § 146.83(3f) permits a provider to charge whatever it wishes for complying with a request for electronic copies of records. As we have emphasized, the legislature still maintains a list of enumerated fees for the provision of copies of health care records that does not include any fees for providing electronic copies.[6]

¶37 Nevertheless, UW Health argues that Banuelos's request for electronic copies is "not a request under Wis. STAT. § 146.83(3f)(a)" because the repeal of the mandate and fee operated to exclude electronic records from the scope of § 146.83(3f) altogether. According to UW Health, if para. (a) "requires" the provision of electronic copies upon request (but without payment of any fee), then the repeal of the mandate to provide electronic copies would be "meaningless." However, regardless of whether Wisconsin law no longer requires the provision of

---

[5] For context, we note that Banuelos provides a possible explanation as to why the legislature "got out of the business of [separately] mandating electronic copies of medical records." Former para. (1k) clarified that health care providers whose record systems, in 2009, did not yet "provide for the creation or transmission of records in a digital or electronic format" were not required to convert records in paper, microfiche, VHS, or other media into a digital format. The subsequent repeal of that provision in 2011 may have reflected the legislature's awareness of federal legislation that carried a large incentive to health care providers. *See State v. Roling*, 191 Wis. 2d 754, 762, 530 N.W.2d 434 (Ct. App. 1995) ("legislature is presumed to act with full knowledge of existing laws."). Congress passed the federal Health Information Technology for Economic and Clinical Health Act ("HITECH"), which required public and private health care providers to demonstrate a "meaningful use" of electronic health care records ("EHR") by 2014 in order to maintain their existing Medicare and Medicaid reimbursement levels. *American Recovery and Reinvestment Act of 2009*, H.R. 1, 111th Cong. § 13001(a) H.R. 1-112 (2009) (enacted); 42 U.S.C. § 1396b(t) (2018) ("Payments to encourage adoption and use of certified EHR technology"). Thus, this federal mandate rendered the state mandate unnecessary. UW Health makes no comment on this contextual point.

[6] For the same reason, we reject UW Health's assertion that with this repeal the legislature also "got out of the business of regulating requests for electronic copies of medical records." As explained above, by not enumerating fees for electronic copies under Wis. STAT. § 146.83(3f), the legislature determined that no fee is allowed at all.

electronic copies on request, § 146.83(3f) merely establishes that providers may not charge for providing electronic copies.

### 2. WISCONSIN STAT. § 146.836

¶38   UW Health relies on WIS. STAT. § 146.836 to support its argument that the provision of electronic copies is not covered by WIS. STAT. § 146.83(3f). Section 146.836 provides:

> Sections 146.815, 146.82, 146.83(4) and 146.835 apply to all patient health care records, including those on which written, drawn, printed, spoken, visual, electromagnetic or digital information is recorded or preserved, regardless of physical form or characteristics.

The referenced sections prohibit unauthorized tampering with or disclosure of certain confidential patient information. WIS. STAT. §§ 146.815, 146.82, 146.83(4), 146.835. UW Health asserts that the four sections listed in § 146.836 are the only sections of the statute that deal expressly with electronic records. However, as we next explain, that does not disturb our conclusion that the absence of an express reference to electronic copies of records in the list of allowable fees enumerated in § 146.83(3f) means that there is no allowable fee for electronic copies of records.

¶39   UW Health argues that, because WIS. STAT. § 146.836 explicitly references electronic records, the definition in WIS. STAT. § 146.81(4) of patient health care records as including "all records" does not include electronic records absent such a specific reference. This argument fails for at least the following reasons. First, it does not address the significance of the distinction between the reference to "electronic records" in § 146.836 and the reference to "*copies* of a patient's health care records" in WIS. STAT. § 146.83(3f). That is, § 146.83(3f) addresses copies of health care records, and UW Health points to no language

19

limiting "copies" to any particular format. Second, even as to the reach of "patient health care records" in § 146.83(3f), this argument disregards the legislature's directive that the definition of patient health care records as including "all records" applies "[i]n ss. 146.81 to 146.84." Sec. 146.81 and 146.81(4). Third, this argument is absurd. Other provisions in the chapter not listed in § 146.836 cannot plausibly be read to exclude records in electronic format. For example, WIS. STAT. § 146.819, which requires independent medical practitioners who close their practices to arrange for the maintenance or destruction of "all patient health care records" in their possession, cannot reasonably be construed to exclude electronic records. Sec. 146.819(1). As Banuelos explains, nothing in § 146.836 changes the definition of patient health records, when that term is used elsewhere in the chapter, to exclude electronic records.

### 3. Legislative History

¶40    UW Health argues that legislative history supports its position that electronic copies of patient health care records are not governed by WIS. STAT. § 146.83. We generally do not consult extrinsic sources such as legislative history where, as here, we determine that the plain meaning of the statute is unambiguous. *Kalal*, 271 Wis. 2d 633, ¶43. However, as we explain, the legislative history pertinent here, rather than supporting UW Health's position, "confirm[s] our understanding of the plain language of a statute." *Moya*, 375 Wis. 2d 38, ¶18.

¶41    In 2009, the legislature passed a version of WIS. STAT. § 146.83(1f)(b) that authorized "a single charge of $5 for all [electronic] copies requested" and the Governor used his line item veto to strike the $5 cap so that the enacted statute authorized only "a charge." *See* Governor Doyle's Veto Message Details for 2009 Wis. Act 28, § D.11 at 37 (June 29, 2009). The Governor explained that his partial

veto was designed to avoid creating "a deterrent to providers adopting electronic health records." *Id.* In 2011, after the federal Health Information Technology for Economic and Clinical Health Act (HITECH) mandated "meaningful use" of electronic health records and subsidized funding for the adoption of electronic health record systems, *see* n.5 above, the legislature deleted electronic copies from the enumerated list of permissible charges in § 146.83(3f)(b). *See* Assembly Substitute Amendment 1 to 2011 Assembly Bill 40, § 2663m; 2011 Wis. Act. 32, § 2663m. This history confirms our plain meaning interpretation in that it shows that the legislature permitted fees of any amount for electronic copies of patient health care records in 2009 for the purpose of encouraging the adoption of electronic health care records, but that the legislature deleted that permission in 2011, after the federal HITECH Act separately encouraged the adoption of electronic health care records. UW Health's reliance on the legislative history to purportedly show that it may charge unlimited fees for providing electronic copies of patient health care records is therefore unavailing.

*B. The Maximum PaperCopy Rate as "Baseline Charge"*

¶42     In the alternative, UW Health argues that, if WIS. STAT. § 146.83(3f) does apply to the provision of electronic copies of patient health records, then it permits as a "baseline" the maximum fee allowed by the legislature for paper copies. This is so, UW Health asserts, because nowhere in § 146.83(3f) does the legislature expressly state that items not enumerated should be provided for free. We have rejected that argument above in ¶¶32-33. Moreover, UW Health does not explain what language in § 146.83(3f) establishes that the maximum fee permitted for paper copies is to be the catch-all fee for the provision of copies not statutorily enumerated. Thus, we reject this argument as undeveloped. *See **Wisconsin Conf. Bd. of Trs. of the United Methodist Church, Inc. v. Culver***, 2001 WI 55, ¶38, 243

Wis. 2d 394, 627 N.W.2d 469 (stating that we may decline to address arguments that are conclusory and insufficiently developed).

¶43    UW Health also asserts that the legislature could not plausibly have "directed that every medium except paper, microfilm, microfiche, and X-ray prints must be provided at no cost whatsoever," and that the legislature "inexplicably singled out four media for charges while requiring copies of every other type of medical record be provided for free."

¶44    On its face, it is not "inexplicable" that the legislature, in furtherance of its public policy of promoting access to patient records, has allowed for providers to charge fees for the service of providing that access in only some media and not in others. Any concern that health care providers are unfairly or unreasonably burdened by the costs of providing patients with copies of their patient health care records in electronic format without charge is properly addressed to the legislature. *See Progressive N. Ins. Co. v. Romanshek*, 2005 WI 67, ¶65, 281 Wis. 2d 300, 697 N.W.2d 417 (policy arguments are best addressed to the body charged with developing this state's public policy).

## CONCLUSION

¶45    For the reasons stated, we reverse the order dismissing Banuelos's complaint and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.